# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | Case No. 1:22CR00021 |
| ) | |
| v.   ) | **OPINION AND ORDER** |
| ) | |
| ) | JUDGE JAMES P. JONES |
| **GUY BENJAMIN BOWMAN**, ) | |
| ) | |
| Defendant. ) | |

*M. Suzanne Kerney-Quillen, Special Assistant United States Attorney, Abingdon, Virginia, for United States; Guy Benjamin Bowman, Pro Se Defendant.*

This criminal case is set for jury trial beginning July 5, 2022. In advance of trial, the defendant has filed several pro se motions that are before the court for resolution. For the reasons set forth hereafter, the motions are denied.

I.

The defendant is charged by Indictment with conspiring to distribute and possess with intent to distribute 500 grams or more of a mixture containing methamphetamine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A)(viii) (Count One), and distributing and possessing with intent to distribute 500 grams or more of a mixture containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii) (Count Two). After he made bond on state charges, he fell to a federal warrant on April 26, 2022, and received his initial appearance on April 27, 2022. The Indictment was returned and made public on

May 18, 2022.  Indictment, ECF No. 22.  At his arraignment on May 24, 2022, his trial was set for its present date.

The defendant has been detained on the present charges since his arrest on April 26, 2022.  An assistant federal public defender entered an appearance for the defendant at the time of his initial appearance.  On June 6, 2022, the public defender moved to be allowed to withdraw "based on a perceived breakdown in communication and the attorney-client relationship."  Mot. 2, ECF No. 66.  The magistrate judge, after a hearing, allowed the withdrawal and on June 10, 2022, appointed substitute counsel from the court's Criminal Justice Act panel to represent the defendant.  Order, ECF No. 71.  On June 20, 2022, the second attorney moved to be relieved as counsel "based upon the inability to communicate and the breakdown of the attorney-client relationship."  Mot. 1, ECF No. 80.  At a hearing before the magistrate judge the next day, June 21, 2022, the attorney explained that he had visited the defendant at the jail and the defendant refused to speak with him further because the lawyer had been one day late in meeting with him as a result of a family issue.

At that hearing the defendant requested that he be allowed to represent himself in light of the fact he did not want his trial continued for the appointment of a third attorney.  The magistrate judge proceeded to hold a *Faretta* hearing,[1] following which the magistrate judge relieved the second attorney and granted the defendant's request to proceed pro se.  Minute Entry, ECF No. 83; Oral Order, ECF No. 84.  At a status conference on June 30,

---

[1] *Faretta v. California*, 422 U.S. 806, 819 (1975) (holding that the Sixth Amendment guarantees not only the right to be represented by counsel, but also the right to self-representation).

2022, the defendant confirmed to the court that he wished to proceed to trial representing himself.

II.

The defendant's motions raise several different issues, all of which are without merit.

The defendant claims that the Speedy Trial Act time limits have been violated. Mot. 1, ECF No. 110. But his July 5 trial commencement date is only 48 days from the date of his Indictment and thus within the 70-day required time, 18 U.S.C. § 3161(c)(1), even ignoring the exclusions for pending motions, 18 U.S.C. § 3161(h)(1)(D). In addition, the trial date is only 70 days from his arrest and continued detention beginning April 26, less than the 90-day limit under those circumstances. 18 U.S.C. § 3164(b). The fact that the defendant was previously held on state charges does not implicate this deadline. *United States v. Gomez*, No. S91 Cr. 451 (SWK), 1991 WL 285620, at *3 (S.D.N.Y. Dec. 27, 1991).[2]

The defendant alleges that his rights under *Brady v. Maryland*, 373 U.S. 83, 87 (1963), have been violated. Mot 1, ECF No. 109. However, there are no allegations made or facts shown that the government has failed to disclose material evidence favorable to the accused.

---

[2] Although not raised by the defendant, the Speedy Trial Act provision requiring a minimum period of 30 days for commencement of trial from "the first date on which the defendant first appears through counsel or expressly waives counsel and elects to procced pro se," 18 U.S.C. § 3161(c)(2), does not limit the present trial date, where the defendant had counsel for more than 30 days and then elected to procced without counsel, *United States v. Williams*, 10 F.3d 1070, 1079 (4th Cir. 1993).

The defendant seeks a change in venue because he contends that he cannot receive a fair trial in this court. Mot. 4, ECF No. 108.[3] No proper showing has been made of the necessity for a change in venue. In that same motion he complains that the government has not satisfied him in pretrial discovery of the chain of custody for the illegal drugs seized in the case. *Id.* at 1. However, that is an issue for the government's proof at trial.

Finally, the defendant seeks to suppress evidence of an alleged incriminating statement made by him to law enforcement in violation of the requirements of *Miranda v. Arizona*, 384 U.S. 436, 444–45 (1966). Mot., ECF No. 107. The basis for his contention is the following statement from the affidavit made by DEA Special Agent Brian Snedeker in support of the criminal complaint against the defendant:

> During the early morning hours of March 23, 2022, and prior to being advised of his rights, Guy BOWMAN spontaneously uttered (in the presence of law enforcement), "I'm good at what I do", and, "I'm connected with the Sinaloa Cartel" (a well-known and Mexico based drug trafficking organization).

Criminal Compl. Attach. A ¶ 13, ECF No. 1. According to the affidavit, the defendant was then advised of his rights, and went on to make further incriminating statements, including that he had large quantities of methamphetamine shipped from California for distribution and "sells drugs for a living." *Id.*

The defendant denies that he made any incriminating statements but contends in any event that because the alleged statement as to being "good at what he does"

---

[3] Page references for this motion are to the electronic case filing number.

and being "connected to the Sinaloa Cartel" was described by the agent as having been made before he was given his *Miranda* rights, it must be suppressed.

*Miranda* protections are available only to those who are interrogated by law enforcement officers while in custody. *Illinois v. Perkins*, 496 U.S. 292, 297 (1990). Statements not resulting from express questioning or the functional equivalent of such questioning are not included in that protection. *United States v. Bell*, 901 F.3d 455, 463 (4th Cir. 2018) (holding that officer's question expressly directed to spouse of accused, but answer spontaneously by accused, was not the functional equivalent of questioning). The defendant alleges no facts indicating that any law enforcement officer engaged in questioning — or its functional equivalent — before the statement in question was made.

Accordingly, the motion does not set forth a proper basis for relief.[4]

### III.

For these reasons, the defendant's motions, ECF Nos. 107, 108, 109, and 110, are DENIED.

It is so **ORDERED**.

---

[4] "[A] hearing is required only if the motion to suppress is sufficiently definite, specific, detailed, and non-conjectural to enable a district court to conclude that contested issues of fact . . . are in question." *United States v. Griffin*, 811 F. App'x 815, 816 (4th Cir. 2020) (unpublished) (internal quotation marks and citation omitted), *cert. denied,* 141 S. Ct. 1106 (2021).

-6-

ENTER: July 1, 2022

/s/ JAMES P. JONES
Senior United States District Judge