IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>    PLAINTIFF )<br> )<br>v. ) CASE NO. :  1:22-CR-021-001<br> )<br>GUY BENJAMIN BOWMAN )<br>    DEFENDANT ) | |

## SENTENCING MEMORANDUM

Comes now the Defendant, Guy Benjamin Bowman, by and through counsel and respectfully files this sentencing memorandum requesting a departure/variance under the applicable sentencing guidelines.

## INTRODUCTION

On July 7, 2022, Mr. Guy Benjamin Bowman was found guilty by a jury of his peers in this Honorable Court on both counts of a two count indictment. Mr. Bowman was adjudicated guilty of Conspiracy to Knowingly and Intentionally Distribute and Possess with the Intent to Distribute 500 grams or more of Methamphetamine in violation of 21 U.S.C. § 846 and 841(b)(1)(A)(viii), and Knowingly and Intentionally Distribute or Possess with the Intent to Distribute 500 grams or more of Methamphetamine in violation of 21 U.S.C § 841(a)(1) and 841(b)(1)(A)(viii).

In fashioning an appropriate sentence in this case, this Court must impose a sentence no greater than that which is sufficient to reflect the seriousness of the offense while also accomplishing a number of other goals such as:  promoting respect for the law; providing just punishment for the offense; affording adequate deterrence to criminal conduct; protecting the public from further crimes of the defendant; and providing the

defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.  See 18 U.S.C. §3553(a)(2).  See also *U.S. v. Gall*, 128 S. Ct. 586 (2007), *U. S. v. Hughes*, 401 F. 3d 540 (4th Cir. 2005) and *U.S. v. Pauley*, 511 F3d 468 (4th Cir. 2007).

In determining departures or variances at sentencing, the Court must place on the record an "individualized assessment based on the particular facts of the case before it, whether the Court imposes an above, below, or within-Guidelines sentence."  *United States v. Carter*, 564 F.3d 325, 330 (4th Circ. 2009).  "Every sentence requires an adequate explanation," however, "a more complete and detailed explanation of a sentence is required when departing from the advisory Sentencing Guidelines, and a major departure should be supported by a more significant justification than a minor one." *Unites States v. Hernandez*, 603 F.3d 267, 271 (4th Cir. 2010).

To do so properly, this Court must follow the three-step process set forth by *Gall v. United States*:  apply the guideline range and consider all the factors set forth in 18 U.S.C. §3553(a) as a whole, including whether a departure and/or variance is warranted. The United States Sentencing Guidelines are now considered advisory only.  *United States v. Booker*, 543 U.S. 220 (2005).  Accordingly, considering only in an advisory manner the applicable range under the Guidelines, this Court must decide what sentence is reasonable, considering and weighing all of the factors set forth in 18 U.S.C. §3553(a).

The overriding principle and basic mandate of 18 U.S.C. § 3553(a) requires district courts to impose a sentence "sufficient, but not greater than necessary," to comply with the four purposes of sentencing (as stated in 18 U.S.C § 3553(a)(2)).  Under 18 U.S.C § 3661, "no limitation shall be placed on the information concerning the

background character, and conduct of (a defendant) which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence". This statutory language certainly overrides the now-advisory policy statements in Part H of the Guidelines, which list as "not ordinarily relevant" to sentencing, a variety of factors such as the defendant's age, educational and vocational skills, mental and emotional conditions, drug or alcohol dependence, and lack of guidance as a youth. See U.S.S.G §5H1. Now those factors may be considered relevant.

In *Rita v. United States,* 551 U.S. 338 (2007), the United Stated Supreme Court determined, as a matter of administration, the district Court should calculate the applicable Guidelines range as "the starting point." However, the district court "may not presume the Guidelines range is reasonable." *Id.* at 351. Rather the district court should make an "individualized assessment" and "consider all of the 18 U.S.C. §3553(a) factors." *United States v. Gall*, 552 U. S. 38, 50 (2007).

## I.   18 U.S.C. § 3553(a) Factors

Mr. Howard (Guy) Benjamin Bowman II is a 56 year old man, who was born in Riverside, California to Howard Benjamin Bowman and Deanne Bella Bowman. (PSR ¶ 119). Mr. Bowman's mother, with whom he was extremely close, passed away from cancer combined with a stroke in 1984. (PSR ¶ 119). Guy was living with her at the time of her death and watched her as her condition continued to deteriorate. The loss of his mother was devastating for Guy, as the two were very close.

Mr. Bowman was placed in foster care for approximately one year when he was 8 years old. He does not recall the reason why he was removed from his mother's home,

but that he was traumatized by being taken from her. He was in foster care for approximately 12 months before he was returned to his mother's care. The home environment that caused the removal combined with the trauma from being placed in a foster home likely had a detrimental impact on Guy at an early age.

Guy married Diane Gonzalez in 1995. (PSR ¶ 121). She was his close companion in life for several years until she passed away in 2002. (PSR ¶ 121). This was the second person to whom Guy was very close ,who had to watch pass away. (PSR ¶ 121). Since 2015, Guy has been in a relationship with Sally Carr, whom he refers to as his fiancé. (PSR ¶ 122). Ms. Carr is a co-defendant in this case.

### Physical Health

Mr. Bowman is in fair physical health, suffering from heart problems and Bell's palsy. (PSR ¶ 125). Guy suffered three strokes, including one in March/April of 2022, while he was incarcerated on these charges. (PSR ¶ 125). In 1984, he was involved in a serious car accident, after which he suffered from seizures for a couple of years. (PSR ¶ 125). Due to his current health, he realizes a lengthy sentence would likely mean he may never have an opportunity to be released from custody.

### Mental Health and Abuse

Mr. Bowman was sexually abused at the age of 12 by a priest in Pomona, California. He never told anyone of the incident and it was never investigated. In addition, he was involved in an incident when he was 14 years old where a Boy Scout leader tried to grab him in the privates and he was threatened by the gentleman not to reveal it to anyone. He has lived with the torment of these experiences his entire life. He never went to therapy and this is the first time he has spoken of it.

In both 2015 and 2017, Guy attempted to kill himself. After the 2017 attempt, he was hospitalized at Horizon Hospital for about 1 month. He was eventually diagnosed a paranoid schizophrenic.

### Substance Abuse History

Guy has had problems with addiction since the age of 19, when he began using marijuana. (PSR ¶ 128). His addiction advanced to using cocaine in college. (PSR ¶ 129). He continued to use marijuana on a daily basis until he moved to Virginia, where it became much more difficult to obtain. (PSR ¶ 128). Guy eventually began using Methamphetamine, which progressed to daily use until he was arrested. Mr. Bowman never received any treatment for substance abuse and requests that he be allowed to participate in the RDAP program. (PSR ¶ 130).

### Education and Work History

Mr. Bowman graduated from Pomona High school in 1984. (PSR ¶ 131). He attended Boston College on a baseball scholarship for one year before becoming injured. (PSR ¶ 131). He returned to California and attended Sawyer Business College, earning an Associate's Degree in business. . (PSR ¶ 131).

Mr. Bowman was working, prior to his incarceration at Spare Tire #3 in Bristol as well as buying and selling cars. Prior to coming to Virginia he worked in construction, selling cars and dog walking.

### Deterrance of Future Behavior and Threat to the Community

A sentence of ten (10) years, being the mandatory minimum, is a sufficient sentence for Mr. Bowman, considering his youthful trauma, his drug addiction and his physical health issues. Mr. Bowman is currently 57 years old and he will be

approximately 66 years old, if given the mandatory minimum.  At that age, he would not be a threat to society.  A ten year sentence would be an adequate deterrent to future criminal conduct, while still showing respect for the law and protecting the public.

As offenders get older, it would seem logical that the risk of recidivism would decrease.  He would also likely be much less of a threat to the community.  The Court would have the ability to violate his probation, if he failed to comply with supervision, but the threat of being re-incarcerated should serve as a huge motivator to keep him from re-offending. A sentence of more than 10 years would offer Mr. Bowman little to no hope of ever being released.  Dan Morgenstern once said, "without hope there is no despair, there is only meaningless suffering."

Mr. Bowman has made many mistakes in this case.  His lack of understanding of legal rules and evidentiary proceedings caused him to become angry and upset.  Guy became angry when he felt he that the Court was not consistent in rulings.  Things that seemed logical to him, such as being able to cross-examine Ms. Carr, only to be told that she was refusing to testify, did not comply with what he saw a being fair.

As a result, he fired his legal counsel and proceeded to trial representing himself, which was an extremely unwise decision on his behalf.  His outbursts in Court were not acceptable and I feel he understands that more now.  We ask the Court for forgiveness and that the Court provide him a hope of a release date within a reasonable time, so that he has a hope of some future outside of prison.

## REQUEST FOR RDAP

Mr. Bowman's respectfully requests that he be allowed to participate in the RDAP program. His history of drug addiction and lack of treatment suggests he would be a good candidate; therefore, we respectfully request that he be placed in the Bureau of Prison's RDAP treatment program.

## INABILITY TO PAY FINE

Mr. Bowman has no assets and likely will serve a substantial sentence, thus a fine would be very burdensome. (PSR ¶ 137).

## CONCLUSION

Based on the foregoing, justice requires granting Mr. Guy Benjamin Bowman a reduction by a departure or variance. 18 U.S.C. § 3553 states that the Court shall impose a sentence sufficient but not greater than necessary. As stated above, the court has several reasons to consider a reduction for Mr. Bowman based on his childhood environment, his substance abuse history, his physical health and his prior sexual trauma. Mr. Bowman wants to be able to serve his punishment and then become a productive member of society.

RESPECTUFLLY SUBMITTED

GUY BENJAMIN BOWMAN

BY:   /s/Don M. Williams, Jr.

DON M. WILLIAMS, JR.
ATTORNEY AT LAW/ATTORNEY FOR DEFENDANT
P. O. BOX 601
PENNINGTON GAP, VA  24277
TEL:  276-546-3087
FAX: 276-546-2642
VSB:  41143
EMAIL: donwilliamsjr@yahoo.com

## CERTIFICATE OF SERVICE

I, Don M. Williams, Jr., hereby certify that I have this the 21st day of November, 2022, electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to the Assistant United States Attorney.

/s/ Don M. Williams, Jr.

DON M. WILLIAMS, JR.